WAY v. HYGIENIC FLEECED UNDERWEAR CO. et al.

(Circuit Court, E. D. Pennsylvania. February 6, 1907.)

No. 49.

PATENTS—INVENTION—CHEST AND NECK PROTECTOR.

The Way patent, No. 593,954, for a chest and neck protector, claim 2, which describes a collar with a depending flap attached thereto at its upper edge for a portion of its width, all made of knitted fabric, is void for lack of invention.

In Equity. On final hearing.
See 142 Fed. 552.

Henry N. Paul, Jr., and Jos. C. Fraley, for complainant.
Hector T. Fenton, for defendants.

J. B. McPHERSON, District Judge. This suit is brought upon the second claim of patent No. 593,954, issued to John Howard Way for a chest and neck protector. The claim is this:

"(2) A chest and neck protector comprising a collar and a depending flap, the two being formed of a single piece of elastic knit fabric, and the upper edge of the flap being united to the lower edge of the collar centrally for a portion of the width of said flap whereby the latter is free from the collar for a portion of its width at each side of the point of union, and the collar free to be fastened about the neck of the wearer; substantially as described."

The first and third claims of the patent have already been passed upon by the Circuit Court of Appeals for the Third Circuit in the case of Way v. McClarin (C. C.) 91 Fed. 663. These two claims are as follows:

"(1) A chest and neck protector comprising a collar and a depending flap, the collar being elastic in the direction of its length and the upper edge of the flap being united to the lower edge of the collar centrally for a portion of the width of said flap, whereby the latter is free from the collar for a portion of its width at each side of the point of union, and the collar free to be fastened about the neck of the wearer; substantially as described."

"(3) A chest and neck protector comprising an upper or neck portion folded over at its upper edge to form a two-ply collar, and a depending flap, said collar being elastic in the direction of its length, and the upper edge of the flap being united to the lower edge of the collar centrally for a portion of the width of said flap, whereby the latter is free from the collar for a portion of its width at each side of the point of union, and the collar free to be fastened about the neck of the wearer; substantially as described."

A very able and ingenious argument has been made in support of the position that the second claim, upon which the present suit is brought, differs substantially from claims 1 and 3, and therefore that the present action should be sustained. Infringement, I may add, is not, and could not be successfully, denied. In reply to the complainant's contention, it is, I think, enough to say that I have given it careful attention, but without being convinced that the difference between the second claim and the other two claims is of any serious importance. In my opinion, therefore, the present case has been already decided, in effect, by the Circuit Court of Appeals, and I follow its decision by holding that the second claim is also invalid for lack of invention.

A decree may be entered dismissing the bill, at the costs of the complainant.